**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4666**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ERNEST AUGUSTUS HAWKINS, a/k/a Gus Hawkins,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever, III, Chief District Judge.  (5:10-cr-00322-D-1)

───────────────

Submitted:  December 1, 2011       Decided:  December 15, 2011

───────────────

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

───────────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────────

Daniel K. Dorsey, Washington, D.C., for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Augustus Hawkins pled guilty pursuant to a plea agreement to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2006), and was sentenced to 240 months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he believes there are "no legal issues that were not properly raised or disposed of by the district court, and there are no grounds for an appeal in this case[.]" Although counsel also states that Hawkins believes the district court violated Fed. R. Crim. P. 11 when it accepted his guilty plea and erred when it sentenced him to 240 months in prison, counsel concedes that the district court did not violate Rule 11 and that Hawkins' sentence is reasonable. Hawkins has not filed a pro se supplemental brief despite receiving notice of his right to do so. The Government moves to dismiss the appeal as to Hawkins' sentence based on the appellate waiver in Hawkins' plea agreement. We affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Hawkins voluntarily and knowingly waived his right to appeal his

sentence. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Hawkins' plea agreement did not waive: (1) any challenges he may have if his sentence were above the Guidelines range calculated at sentencing; (2) certain ineffective assistance of counsel or prosecutorial misconduct claims; or (3) any claims Hawkins may have pertaining to his conviction. Hawkins' sentence is within the Guidelines range calculated at sentencing and he raises no claims that fall outside the scope of his appellate waiver.

Thus, we grant the Government's motion to dismiss the appeal as to Hawkins' sentence. Although we are charged under Anders with reviewing the record for unwaived error, we have reviewed the record in this case and have found no unwaived

3

meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Hawkins, in writing, of his right to petition the Supreme Court of the United States for further review. If Hawkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hawkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED IN PART,
AFFIRMED IN PART
